UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**CARC, INC.**                                                          **CASE NO. 2:22-CV-03042**

**VERSUS**                                                             **JUDGE JAMES D. CAIN, JR.**

**AMGUARD INSURANCE CO.**                   **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the Court are cross motions for partial summary judgment on the issue of bad faith penalties under Louisiana law related to the adjustment of an insurance claim.

Plaintiff, CARC, Inc. ("CARC") filed a Motion for Partial Summary Judgment (Doc. 19) seeking a declaration that the Defendant, AmGUARD Insurance Company ("AmGUARD"), is subject to bad faith penalties pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973. AmGUARD opposes the motion. Doc. 28.

AmGUARD filed a Motion for Partial Summary Judgment (Doc. 20) to dismiss CARC's bad faith claims under Louisiana Revised Statutes §§ 22:1892 and 22:1973. CARC opposes the motion. Doc. 26.

### BACKGROUND INFORMATION

This lawsuit arises from damage to CARC properties from Hurricanes Laura and Delta. CARC is a non-profit corporation in Lake Charles, Louisiana that assists individuals with physical and mental disabilities by providing housing in the community. CARC owns twenty-nine properties in Lake Charles and Sulphur, Louisiana. The properties include individual residences, an apartment complex, a thrift store, and CARC offices.

AmGUARD provided insurance for all of the properties under commercial Policy Number CP1GP101042 during the relevant time period.  Doc. 1 at ¶ 6.

Hurricane Laura struck on August 27, 2020, causing significant damage to the CARC properties. *Id.* at ¶ 7.  CARC reported the loss to AmGUARD and was assigned claim number GC207100.  *Id.* at ¶ 8.  On October 9, 2020, Hurricane Delta caused further damage to the CARC properties. *Id.* at ¶ 10. CARC reported the loss to AmGUARD and was assigned claim number GC208640. *Id.* at ¶11.

To assist with processing the claims, AmGUARD relied on Athens Administrations ("Athens") as the desk adjuster, McLarens as the field adjuster, JS Held, LLC ("JS Held") as the building consultant, and Chakonis & Pettit CPAs for accounting assistance.  Doc. 20-6 at 10.  CARC hired Sibley Construction ("Sibley") as their general contractor, who assisted with the evaluation of the damage and communicated with the adjusters.  *Id.* at 6.

McClarens inspected the properties in September 2020, and issued an initial report to Athens on September 30, 2020.  Doc. 20-9.   In turn, Athens submitted its first large loss report to AmGUARD on October 12, 2020, recommending an advance payment of $1.5 million, which was paid to CARC on October 30, 2020.  Doc. 20-6 at 7; Doc. 20-11.  After additional inspections, AmGUARD approved an additional advance of $2 million, which was paid to CARC on December 21, 2020.  Doc. 20-15; Doc. 20-18.

AmGUARD made numerous additional payments to CARC as the claims process progressed.  On February 22, 2021, Athens recommended another payment of $638,442.72 based on additional information regarding the claim, which was paid by AmGUARD on March 29, 2021. Doc. 20-19 at 9; Doc. 20-21.   On July 19, 2021, Athens recommended

an additional payment of $1,493,118.80, and AmGUARD issued the payment on August 5, 2021.  Doc. 20-22 at 9; Doc. 20-24.

The parties continued to adjust the claims for many months.  On February 15, 2022, Athens recommended an additional payment of $1,335,632.17, and AmGUARD issued payment on February 22, 2022.  Doc. 20-25 at 10; Doc. 20-27.  On March 14, 2022, AmGUARD paid an additional $86,570.66. Doc. 20-28. On May 20, 2022, Athens recommended an additional payment of $431,887.73 for increased mitigation and reconstruction costs, and reimbursement for business personal property.  Doc. 20-30 at 9. AmGUARD approved the amount and issued payment on June 24, 2022.  Doc. 20-32.  On July 14, 2022, Athens recommended an additional payment of $666,598.62, and AmGUARD issued payment on August 3, 2022.  Doc. 20-33 at 6; Doc. 20-35.  On August 18, 2022, Athens recommended an additional payment of $82,347.47, and AmGUARD issued payment on August 31, 2022. Doc. 20-36 at 7; Doc. 20-37.   In total, AmGUARD has paid $8,441,452.60 to CARC.  Doc. 30 at 1.

With regard to CARC's claimed mitigation expenses, which are relevant to Plaintiff's Motion for Partial Summary Judgment, Sibley hired subcontractor Service Master to mitigate CARC's properties in the immediate aftermath of Hurricane Laura. Doc. 19-1 at 2. On November 7, 2020, Sibley submitted invoices from Service Master for reimbursement in the amount of $915,699.  Doc. 19-4 at 6.  On January 12, 2021, Sibley provided additional invoices for its own mitigation work, for a combined amount of more than $2 million. Doc. 19-5; Doc. 19-6 at 6.   AmGUARD paid $580,930 of this amount as part of its initial advance payments.  Doc. 19-1 at 4.

The remainder of the submitted amount for remediation was not initially paid. McClarens and J.S. Held noted issues with the Service Master invoices. Doc. 28-2; Doc. 28-3; Doc. 28-4. On May 18, 2021, J.S. Held published an audit of the mitigation expenses, concluding that the amount owed was only $1,342,361.23. Doc. 19-1 at 5; Doc. 19-9 at 3; Doc. 28-5. A payment of the remaining additional allowed mitigation expenses in the amount of $761,431.23 was made by AmGUARD on August 5, 2021. Doc. 20-24.

CARC filed suit on August 19, 2022. Doc. 1. CARC alleges that it provided sufficient proof of loss for all expenses, but AmGUARD failed to tender timely or adequate payment, in breach of the insurance contract. Doc. 1 at ¶¶ 29-37. CARC also alleges that AmGUARD handled the claims in bad faith by failing to compensate their losses in an arbitrary and capricious manner without probable cause in violation of Louisiana Revised Statutes §§ 22:1892 and 22:1973. *Id.* at ¶¶ 38-46. CARC's Motion for Partial Summary Judgment requests the Court to declare that AmGUARD violated these statutes as a matter of law. Doc. 19.

AmGUARD moves to dismiss CARC's bad faith claims arising under Louisiana Revised Statutes §§ 22:1892 and 22:1973, arguing that it made timely payments as required by the statutes. Doc. 20. However, AmGUARD argues that even if the payments were untimely, CARC cannot demonstrate that it acted arbitrarily, capriciously, and without probable cause. *Id.*

**SUMMARY JUDGMENT STANDARD**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Louisiana Revised Statute § 22:1892(A)(1) provides that insurers "shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured…." A "failure to make such a payment" if found to be "arbitrary,

capricious, or without probable cause" subjects the insurer to the mandatory imposition of penalties and attorney fees and costs. La. Rev. Stat. § 22:1892(B)(1)(a). To successfully present a case for statutory penalties under section 22:1892, a party must establish: (1) the insurer received satisfactory proof of loss, (2) the insurer failed to pay the claim within thirty days, and (3) the insurer's failure to pay the claim was arbitrary and capricious. *Anco Insulations, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, 787 F.3d 276, 285 (5th Cir. 2015). Similarly, Louisiana Revised Statute § 22:1973 provides that an insurer is subject to penalties when an insurer fails to pay within sixty days.

"Louisiana has adopted liberal rules concerning the lack of formality relative to proof of loss." *Versai Mgmt. Corp. v. Clarendon Am. Ins. Co.*, 597 F.3d 729, 739 (5th Cir. 2010) (quoting *Sevier v. U.S. Fid. & Guar. Co.*, 497 So.2d 1380, 1384 (La. 1986)). Satisfactory proof of loss means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotation omitted). "As long as the insurer obtains information sufficient to act on the claim, the manner in which it obtains the information is immaterial." *Id.* (quoting *Sevier*, 497 So.2d at 1384). "Thus, a satisfactory proof of loss occurs when the insurer has adequate knowledge of the loss." *Versai*, 597 F.3d at 739.

### A. CARC's Motion for Partial Summary Judgment for a Declaration that AmGUARD acted in Bad Faith.

CARC's Motion for Partial Summary Judgment concerns the alleged late payment of mitigation amounts submitted by Sibley. Doc. 19-1 at 4. As noted above, CARC maintains that it submitted invoices for mitigation expenses on November 7, 2020, and

January 12, 2021.  *Id.*  Moreover, it contends that as early as March 18, 2021, a note from Athens admits that the actual amount owed on the mitigation expenses was $1.1 million, yet only $580,930 had been paid at that point. *Id.*; Doc. 19-7.  Further, CARC contends that the May 18, 2021, audit of the mitigation expenses by J.S. Held indicates that the undisputed total amount owed was $1,342,361.23, yet AmGUARD failed to pay the remaining $761,431.23 owed until August 5, 2021.  Doc. 19-1 at 5.

CARC argues that there is no question that AmGUARD had satisfactory proof of loss by May 18, 2021, when it received the audit findings from its consultant. *Id.* at 9.  Despite this knowledge, CARC contends that AmGUARD failed to pay the undisputed amount owed until August 5, 2021, more than the thirty or sixty-day periods provided under the relevant statutes.  *Id.*  Finally, CARC maintains that the failure to pay the amount owed was "arbitrary, capricious, and without probable cause" because there was no good reason for withholding the disputed amount.  *Id.*

AmGUARD responds that the CARC claims process was incredibly complex and both parties acted in good faith to come to a resolution.  Doc. 28 at 5.  However, it contends that CARC is unable to demonstrate that there are no genuine issues of material fact regarding its bad faith claims. *Id.*  AmGUARD maintains that it had the right to investigate and dispute unsubstantiated amounts without being held in bad faith because it had a reasonable basis to defend against the claim. *Id.* at 16.  AmGUARD also argues: (1) it did not receive satisfactory proof of loss for an undisputed amount of mitigation expenses until July 1, 2021; (2) it did not act arbitrarily or capriciously because it had a reasonable basis to defend against the mitigation claim; (3) it worked directly with Sibley to determine the

appropriate mitigation expenses and paid that amount once successfully negotiated. *Id.* at 19-23.

In support, AmGUARD cites the December 12, 2020, note by McLarens stating that the mitigation costs were under review with the assistance of experts. Doc. 28 at 11; Doc. 28-2. AmGUARD notes that on February 12, 2021, McLarens stated that a significant portion of the mitigation invoices were in dispute and considered inflated. Doc. 28 at 11; Doc. 28-3 at 6. Further, on February 22, 2021, Athens reported that Service Master was charging twice the average price for remediation services. Doc. 28 at 11; Doc. 20-19 at 6. AmGUARD notes that on May 4, 2021, McClarens again noted concerns about inflated mitigation invoices. Doc. 28-12; Doc. 28-4 at 6. An email dated May 24, 2021, from McLarens to Sibley provided Sibley with the preliminary findings from the mitigation audit. Doc. 28 at 12; Doc. 28-5. Moreover, AmGUARD contends that it did not receive final invoices from Sibley for the mitigation work until July 9, 2021, and again on July 21, 2021. Doc. 28 at 13; Doc. 28-6; Doc. 28-8. AmGUARD approved the expenses that were ultimately recommended by Athens and issued payment on August 5, 2021. Doc. 28 at 13; Doc. 20-24.

Upon review of the arguments and supporting evidence, the Court finds that genuine issues of material fact remain to be determined on the issue of bad faith penalties raised by CARC in its Motion for Partial Summary Judgment. When the Court draws all reasonable inferences in favor of AmGUARD as the nonmovant, questions remain as to exactly when AmGUARD received satisfactory proof of loss concerning the mitigation claims. Further, fact questions remain as to whether AmGUARD acted arbitrarily or capriciously in the

payment of the mitigation costs. Accordingly, CARC's Motion for Partial Summary Judgment must be denied.

> **B.  AmGUARD's Motion for Partial Summary Judgment to Dismiss CARC's Bad Faith Claims.**

As noted above, AmGUARD moves to dismiss CARC's bad faith claims arising under Louisiana Revised Statutes §§ 22:1892 and 22:1973 on summary judgment, arguing that it made payments timely as required by the statutes. Doc. 20. AmGUARD's motion raises similar arguments as those presented in opposition to CARC's motion. Specifically, AmGUARD argues that summary judgment is appropriate because CARC is unable to demonstrate: (1) it received satisfactory proof of loss; (2) failed to issue timely payments; or (3) acted arbitrarily, capriciously, and without probable cause. Doc. 20-1 at 7.

As to satisfactory proof of loss, AmGUARD argues that its initial inspections of the twenty-nine CARC properties are insufficient because the full extent of the damage was unknown to both Sibley and AmGUARD's adjusters. *Id.* at 18. For this reason, AmGUARD maintains that it did not have satisfactory proof of loss during September or October 2020. *Id.* at 19. Further, because AmGUARD's adjusters continued to receive additional information throughout the lengthy claims process, AmGUARD argues that it was never fully apprised of the extent of the damages sufficient to establish satisfactory proof of loss for an undisputed amount. *Id.* at 20.

AmGUARD contends that CARC will be unable to demonstrate that it failed to pay amounts owed to CARC arbitrarily, capriciously, or without probable cause. *Id.* at 29. As noted above, AmGUARD maintains that it had a reasonable basis to defend the claims

based on a good faith dispute about the amounts submitted or applicability of the coverage. *Id.* at 30. AmGUARD asserts the record of the claims process does not show bad faith, but a mutual back and forth process between itself, the adjustors, and CARC to process the claims. *Id.*

Drawing all reasonable inferences in favor of CARC as the nonmovant, the Court finds that genuine issues of material fact prevent summary judgment dismissal of CARC's claims for bad faith penalties. The record demonstrates that there was significant back and forth communication between Sibley, the adjusters, and AmGUARD regarding the payment of various expenses. Whether any one payment was withheld or delayed in an arbitrary and capricious manner in violation of the statutes is dependent upon the facts known to AmGUARD at the time of its actions. *Babineaux v. United Nat'l Ins. Co.*, 616 F. Supp.3d 581, 587 (W.D. La. 2022). Given the record before the Court, genuine issues of material fact remain to be determined. Accordingly, AmGUARD's motion must be denied.

## CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment (Doc. 19) filed by CARC will be **DENIED**, and the Motion for Partial Summary Judgment (Doc. 20) filed by AmGUARD will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 6th day of March, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**